PHILLIPS & ASSOCIATES

*Attorneys at Law*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431 (telephone)
(212) 901- 2107 (facsimile)

January 6, 2016

**Via ECF**
Honorable Alison J. Nathan, U.S.D.J
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: **Marquez v. The City of New York, et. al.**
**14 CV 8185**

Dear Judge Nathan:

Phillips & Associates, PLLC ("the Firm") is the former counsel for Plaintiff, Lisa Marquez, in the above referenced matter. It is respectfully requested that Your Honor accept this letter in response to Plaintiff's current counsel, Alexander Umansky's, January 5, 2016 letter. (Dkt. No. 56)

On or about November 25, 2015, Mr. Umansky's employment ended with the Firm. Via consent, the Law Office of Yuriy Moshes, P.C. was substituted as counsel on December 15, 2015 (Dkt. No. 52). That same day, the undersigned filed a letter motion attaching the Charging Lien Stipulation signed by both incoming and outgoing counsel (Dkt. No. 53).

In accordance with the Local Rules and Your Honor Individual Rules, a Notice of Appearance by the undersigned was necessary before properly submitting the Letter Motion and Charging Lien Stipulation. This step was inadvertently skipped.

After several days, the undersigned realized that she had not gotten an electronic notification of the Court's decision on neither the substitution of counsel nor the Charging Lien Stipulation. It was at that time, that she realized that the Notice of Appearance had not been filed on this matter and another unrelated case that had been transferred to Mr. Umansky.
The January 4, 2016 filing was to correct that oversight. (Dkt. No. 57)

Upon receiving Mr. Umansky's letter of January 5, 2016, to avoid any semblance of impropriety, the Firm contacted the ECF department to withdraw the filing. The Firm has been advised that such a request could only be done at the request of Chambers.

The undersigned has been practicing before the Southern District of New York for almost eight (8) years and has had other matters before Your Honor. Such an error is not a habit. It is neither the Firm not the undersigned intent, to confuse or otherwise disturb the Court with an unreflective error. Instinctively when it was realized that the Notice of Appearance had not been timely made, the subsequent filing was to correct the oversight.

As such, if the Court deems the January 5, 2016 filing to be improper, it is respectfully requested that the appearance be withdrawn.

The sincerest of apologies for the oversight and the regrettable method in which this was brought to Your Honor's attention. Thank you for assistance and graciousness in handling this issue.

Respectfully submitted,

/S/

MARJORIE MESIDOR (MM1978)

cc: Alexander Umansky, Esq. (via e-mail and ECF)
Daniel J. Larose, Esq. (via e-mail and ECF)
Stephen P. Pischl, Esq. (via e-mail and ECF)
Natalie S. Marcus, Esq. (via e-mail and ECF)